UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA,

                            Plaintiff,

           -against-                   13 Cr. 654-5 (RWS)

                                       SENTENCING
                                       OPINION
ZAQUAN WERTZ,

                          Defendant.

------------------------------------------X

**Sweet, D.J.**


        On November 10, 2014, Zaquan Wertz ("Wertz" or "Defendant") pled guilty to conspiring to distribute and possess with intent to distribute 28 grams and more of cocaine base.


        For the reasons set forth below, Wertz will be sentenced to 60 months' imprisonment followed by four years' supervised release, subject to the scheduled sentencing hearing on April 27, 2015.  Defendant is also required to pay a special assessment of $100.


**Prior Proceedings**


        Defendant was named in a one-count superseding indictment (the "Indictment") filed in the Southern District of

1

New York.  The first and only count of the Indictment charges

that from about 2012 through November 2013, in the Southern

District of New York and elsewhere, Wertz and others conspired

to violate the narcotics laws of the United States, distributed

and possessed with intent to distribute 280 grams and more of

mixtures and substances containing a detectable amount of crack

cocaine as well as mixtures and substances containing a

detectable amount of heroin, in violation of 21 U.S.C. §§

841(a)(1), (b)(1)(A), and (b)(1)(C) ("Count 1").


     The Indictment further indicates that as a result of

committing the offense charged in Count 1, Wertz shall forfeit

to the United States any property constituting proceeds from the

offense and any property used or intended to be used to commit

or facilitate it.  If any of the property subject to forfeiture

cannot be located upon the exercise of due diligence, has been

transferred to a third party, has been placed beyond the Court's

jurisdiction, has been substantially diminished in value, or has

been commingled with other property, it is the intention of the

Government to seek forfeiture of any other property of Defendant

up to the value of the forfeitable property.  See 21 U.S.C. §

853.

On November 10, 2014, Wertz pled guilty to the lesser included offense of conspiracy to distribute and possess with the intent to distribute 28 grams and more of cocaine base, pursuant to a plea agreement which stipulates the following:

Offense Level

The sentencing guideline applicable to Count 1 of the Indictment is U.S.S.G. § 2D1.1.

Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(7), the base offense level is 26, because the defendant was responsible for the distribution of at least 112 grams but less than 196 grams of cocaine base.

Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming Defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 23.

Based upon the information now available to the U.S. Attorney's Office (including representations by the defense), the defendant has four criminal history points.

In accordance with the foregoing, the defendant's Criminal History Category is III.

Based upon the calculations set forth above,
Defendant's stipulated Guidelines range is 57 to
71 months' imprisonment; however, because a
conviction on Count 1 of the Indictment carries
with it a mandatory minimum term of 60 months
imprisonment, the stipulated Guidelines range is
60 to 71 months' imprisonment (the "Stipulated
Guidelines Range").  In addition, after
determining Defendant's ability to pay, the Court
may impose a fine pursuant to U.S.S.G. § 5E1.2.
At Guidelines level 23, the applicable fine range
is $10,000 to $5,000,000.

The parties agree that neither a downward nor an
upward departure from the Stipulated Guidelines
Range is warranted.  Accordingly, neither party
will seek any departure or adjustment pursuant to
the Guidelines that is not set forth herein.  Nor
will either party suggest that the Probation
Office consider such a departure or adjustment
under the Guidelines, or suggest that the Court
consider any such departure or adjustment.

The parties agree that either party may seek a
sentence outside of the Stipulated Guidelines
Range, suggest that the Probation Office consider
a sentence outside of the Stipulated Guidelines
Range, and suggest that the Court consider a
sentence outside of the Stipulated Guidelines
Range, based upon the factors to be considered in
imposing a sentence pursuant to 18 U.S.C.
3553(a).

Defendant is scheduled to be sentenced on April 27, 2015.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in

United States v. Booker, 543 U.S. 220 (2005), and the Second

Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d

4

Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines.  Thus, the sentence to be imposed here is the result of a consideration of:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed —

    (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the defendant; and

    (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for —

    (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5)   any pertinent policy statement [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of

5

the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.  See Crosby, 397 F.3d at 114-15.


**The Defendant**


The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.


**The Offense Conduct**


The Court adopts the facts set forth in the PSR with respect to the offense conduct.  These facts are summarized, in brief form, below.


Wertz is one of several defendants who were involved in a crack cocaine and heroin distribution ring based out of the Louis H. Pink Houses in the East New York section of Brooklyn. Between 2012 and November 2013, agents of the Bureau of Alcohol, Tobacco, and Firearms conducted more than 130 undercover buys, amounting to more than 200 grams of crack and more than 30 grams

of heroin.  Wertz himself was involved in the sale of around 80 "dime bags" of crack to undercover agents between March and August, 2013, totaling between 112 and 196 grams of crack.  The PSR indicates that Wertz supervised two street-level dealers, Shakeem Boykins and Steven Nixon.

## The Relevant Statutory Provisions

The minimum term of imprisonment is 5 years and the maximum term of imprisonment is 40 years for Count 1.  21 U.S.C. §§ 841(b)(1)(B), 846.

The Court must impose a term of supervised release of at least four years for Count 1.  21 U.S.C. § 841(b)(1)(B).

Defendant is not eligible for probation.  21 U.S.C. § 841(b)(1)(B).

The maximum fine is $5,000,000 for Count 1.  21 U.S.C. § 841(b)(1)(B).  A special assessment of $100 is mandatory pursuant to 18 U.S.C. § 3013(a)(2).

## The Guidelines

The November 1, 2014 edition of the United States
Sentencing Commission Guidelines Manual has been used in this
case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in
U.S.S.G. § 2D1.1 of the guidelines.  That section provides that
an offense involving at least 112 but less than 196 grams of
cocaine base has a base offense level of 26.  U.S.S.G. §
2D1.1(c)(7).

Defendant has clearly demonstrated acceptance of
responsibility for the offense.  Accordingly, the offense level
is decreased by two levels.  U.S.S.G. § 3E1.1(a).  Defendant has
also assisted authorities in the investigation or prosecution of
his own misconduct by timely notifying authorities of his
intention to enter a plea of guilty.  Accordingly, the offense
level is decreased by one additional level.  U.S.S.G. §
3E1.1(b).  These adjustments result in an offense level of 23.

Wertz has three previous adult criminal convictions.
On June 21, 2008, he was sentenced in Kings County Criminal
Court to six months' imprisonment and five years' probation for
second degree criminal possession of a loaded firearm in a place
other than the person's home or business.  Pursuant to U.S.S.G.

§ 4A1.1(b), this conviction warrants two criminal history

points.  Although that crime was committed before Defendant

turned eighteen, the two point amount is nonetheless warranted

because it took place less than five years before the

commencement of the instant offense.  See U.S.S.G. §

4A1.2(d)(2)(A).


On December 17, 2011, he was sentenced to a

conditional discharge, an order of protection, and a six-month

license suspension in Kings County Criminal Court for seventh

degree criminal possession of a controlled substance.  Pursuant

to U.S.S.G. § 4A1.1(c), this conviction warrants one criminal

history point.


On January 15, 2013, he was convicted in Kings County

Supreme Court of attempted robbery in the second degree aided by

another and attempted grand larceny in the fourth degree, with

property taken from a person.  A sentence is still pending in

that case.  Pursuant to U.S.S.G. § 4A1.1(c) and U.S.S.G. §

4A1.2(a)(4), this conviction warrants one criminal history

point.


Since Wertz committed the instant offense while under

a criminal justice sentence for his convictions for criminal

possession of a weapon in the second degree and criminal

possession of a controlled substance in the seventh degree, two

points are added.   U.S.S.G. § 4A1.1(d).


Pursuant to the sentencing table at Chapter 5, Part A

of the Guidelines, six criminal history points establishes a

criminal history category of III.


Based on a total offense level of 23 and a criminal

history category of III, the guideline range of imprisonment is

57 to 71 months.   However, the statutorily authorized minimum

sentence of five years is greater than the lower end of the

guideline range, resulting in a range of 60 to 71 months.

U.S.S.G. § 5G1.1(c)(2).


The guideline range for a term of supervised release

is four to five years.   U.S.S.G. § 5D1.2(a)(1), (c).


Defendant is not eligible for probation because it is

expressly prohibited by statute.   21 U.S.C. § 841(b)(1)(B);

U.S.S.G. § 5B1.1(b)(2).


The fine range for this offense is $10,000 to

$5,000,000.   U.S.S.G. § 5E1.2; 21 U.S.C. § 841(b)(1)(B).   Costs

of prosecution shall be imposed on the Defendant as required by

statute.  U.S.S.G. § 5E1.5.  In determining whether to impose a

fine and the amount of such a fine, the Court shall consider,

among other factors, the expected costs to the government of any

term of probation, or term of imprisonment and term of

supervised release imposed.  U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. §

3572(a)(6).  These costs may include drug and alcohol treatment,

electronic monitoring, and/or contract confinement costs.  The

most recent advisory from the Administrative Office of the

United States Courts, dated June 24, 2014, provides a daily cost

of $80.25, a monthly cost of $2,440.97, and an annual cost of

$29,261.62 for imprisonment.


**The Remaining Factors of 18 U.S.C. § 3553(a)**


Having engaged in the Guidelines analysis, this Court

also gives due consideration to the remaining factors identified

in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not

greater than necessary," as is required by the Supreme Court's

decision in Booker, 543 U.S. 220, and the Second Circuit's

decision in Crosby, 397 F.3d 103. In light of the Court's

statutory responsibility "to 'impose a sentence sufficient, but

not greater than necessary' to accomplish the goals of

sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007)

(quoting 18 U.S.C. § 3553(a)), and having considered the

Guidelines and all of the factors set forth in § 3553(a), it is

determined that a Guidelines sentence is warranted in the

instant case.


**The Sentence**


     For the instant offense, Wertz shall be sentenced to

60 months' imprisonment to be followed by four years' supervised

release.


     As mandatory conditions of his supervised release,

Defendant shall:

   (1)  Not commit another federal, state, or local crime.

   (2)  Not illegally possess a controlled substance.

   (3)  Not possess a firearm or destructive device.

   (4)  Refrain from any unlawful use of a controlled
        substance.  Defendant shall submit to one drug testing
        within 15 days of placement on probation or supervised
        release and at least two unscheduled drug tests
        thereafter, as directed by the probation officer.

   (5)  Cooperate in the collection of DNA as directed by the
        probation officer.


     The standard conditions of supervision (1-13) are

recommended with the following special conditions:

12

(1)  Defendant will participate in a program approved by
     the United States Probation Office, which program may
     include testing to determine whether Defendant has
     reverted to using drugs or alcohol.  The Court
     authorizes the release of available drug treatment
     evaluations and reports to the substance abuse
     treatment provider, as approved by the Probation
     Officer.  Defendant will be required to contribute to
     the costs of services rendered (co-payment), in an
     amount determined by the probation officer, based on
     ability to pay or availability of the third-party
     payment.

(2)  Defendant shall submit his person, residence, place of
     business, vehicle, or any other premises under his
     control to a search on the basis that the probation
     officer has reasonable belief that contraband or
     evidence of a violation of the conditions of the
     release may be found.  The search must be conducted at
     a reasonable time and in a reasonable manner.  Failure
     to submit to a search may be grounds for revocation.
     Defendant shall inform any other residents that the
     premises may be subject to search pursuant to this
     condition.

(3)  Defendant shall participate in educational and/or
     vocational programs that are approved by the probation
     officer.

(4)  Defendant is to report to the nearest Probation Office
     within 72 hours of release from custody.

(5)  Defendant is to be supervised by the district of
     residence.


     It is further ordered that Defendant shall pay to the
United States a special assessment of $100, which shall be due
immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant is ineligible for voluntary surrender.

It is so ordered.

New York, NY
April 23 , 2015

ROBERT W. SWEET
U.S.D.J.